UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

JOSE ROSARIO,

                Plaintiff,

        -against-                                              9:10-CV-0001 (LEK/RFT)

N.Y. DIVISION OF PAROLE; and
NOEL PENALVER, Parole Officer,

                Defendants.
_____

## **MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

On January 4, 2010, Plaintiff Jose Rosario[1] ("Plaintiff"), acting *pro se*, filed his Complaint, pursuant to 42 U.S.C. § 1983 ("§ 1983"), against the New York State Division of Parole ("N.Y. Parole Division") and Parole Officer Noel Penalver ("Penalver") (collectively, "Defendants"), alleging that they violated his rights to Due Process and Equal Protection under the United States Constitution.  Dkt. No. 1.  Presently before the Court is Defendants' Motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 16.  For the following reasons, Defendants' Motion is Granted, and Plaintiff's Complaint is dismissed without prejudice.

**II.     BACKGROUND**[2]

---

    [1] Plaintiff is also known as William Pagan.  Compl. ¶ 5(b)(I).  Plaintiff's records from the Connecticut Board of Pardons and Parole identify him as William Pagan.

    [2] The summary below derives from the Complaint (Dkt. No. 1), Plaintiff's Response in Opposition to Defendants' Motion (Dkt. No. 20), the exhibits accompanying Plaintiff's Response (Dkt. Nos. 20-1, 22), Plaintiff's Supplemental Response (Dkt. No. 25), and Plaintiff's

Plaintiff is currently in the custody of the Connecticut Department of Correction. Compl. at 1.[3] He is incarcerated at MacDougall-Walker Correctional Institution ("MacDougall-Walker C.I.") in Suffield, Connecticut. Id.

In 1989, Plaintiff was convicted of violating New York Penal Law § 220.18, criminal possession of a controlled substance in the second degree. Defs.' Ex. 1 (Dkt. No. 16-2).[4] On May 20, 1994, Plaintiff was released from incarceration and placed on life parole. Pl.'s Resp. (Dkt. No. 20-1), Ex. A. Upon reasonable belief that Plaintiff violated the terms of his parole, the N.Y. Parole Division lodged parole warrant number 219396 against Plaintiff on January 21, 1998. Id. Two years later, on December 1, 2000, the N.Y. Parole Division issued Plaintiff a Notice of Violation. Compl. at 14. This notice stated that a preliminary hearing on the charges were waived, and that a final hearing was scheduled for December 13, 2000. Id. This hearing

---

correctional records that are provided by Defendants' (Dkt. No. 16-2). See Clifford v. HBO, Inc., No. CV-08-3357 (SJF)(AKT), 2009 U.S. Dist. LEXIS 43352, at *5-8 (E.D.N.Y. May 18, 2009) (Fuerenstein, J.) ("The Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral to the complaint.") (quoting Chambers v. Time Warner, Inc., 282 F. 3d 147, 152-153 (2d Cir. 2002)). The exhibits provided by Plaintiff in his response and supplemental response provide context to the Plaintiff's allegations, and they assist the Court in "interpret[ing] [the Complaint] to raise the strongest arguments that [it] suggest[s]." Graham v. Henderson, 89 F. 3d 75, 79 (2d Cir. 1996) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Plaintiff's correctional records are governmental records that a court may take judicial notice of. See Dzwonczyk v. Syracuse City Police Dep't, 710 F. Supp. 2d 248, 256 (N.D.N.Y 2008) (McCurn, J.) ("an arrest report is a matter of public record that may be considered on a Rule 12(b)(6) motion to dismiss").

[3] Unless otherwise noted, all of documents in the docket will be cited to the page number assigned by the Case Management/Electronic Case Files (CM/ECF) system.

[4] This exhibit is a printout of Plaintiff's inmate information record that is available on the website of the New York State Department of Correctional Services. NYS Department of Correctional Services Inmate Information, http://nysdocslookup.docs.state.ny.us/ (last visited Mar. 11, 2011).

was never held.  Pl.'s Resp. Ex. G.

On July 12, 2000, a Connecticut court sentenced Plaintiff to a maximum eighteen years of incarceration in Connecticut for selling illegal drugs.  Defs.' Ex. 3 (Dkt. No. 16-2).[5]  A N.Y. Parole Division Deputy Regional Director sent a letter to the warden of MacDougall-Walker C.I. on October 17, 2006 ("10/17/06 Letter"), stating that Plaintiff "has been discharged from [his] New York State sentence by operation" of N.Y. Executive Law § 259-j.  Compl. at 13.  Twelve months later, on September 5, 2007 ("9/5/07 Notification"), Defendant Penalver notified the warden of MacDougall-Walker C.I. that Plaintiff was a New York parole violator, and that the N.Y. Parole Division had lodged parole warrant number 418035 with the Connecticut correctional institution.  Compl. at 12.

Andrew Mosely, a manager with the Connecticut Board of Pardons and Parole ("Connecticut Parole Board"), informed Plaintiff on November 18, 2008, that the Connecticut Parole Board has the discretion to parole individuals any point between the parole eligibility date and the discharge date; there is no guarantee of deportation at Plaintiff's 50 percent eligibility date; and Plaintiff's "voted to parole date for on or after May 6, 2009" remained.  Compl. at 10.

On August 21, 2009 ("8/21/09 Notification"), Defendant Penalver told the Connecticut Parole Board to disregard a October 23, 2006[6] letter regarding Plaintiff's mandatory termination of sentence.  Pl.'s Supplemental Ex. (Dkt. 22) at 10.

The Connecticut Parole Board, purportedly acting on the information it received from

---

[5] This exhibit is a printout of Plaintiff's inmate information record that is available on the website of the Connecticut Department of Correction.  See Department of Correction Inmate Information Search, http://www.ctinmateinfo.state.ct.us/ (last visited Mar. 11, 2011).

[6] Although there is a discrepancy in the date, a stamp on the 10/17/06 Letter indicates that it was received by the warden on October 23, 2006.  Further, the content of the 8/21/09 Notification indicates that Defendant Penalver was referencing the10/17/06 Letter.

Defendant Penalver, extended Plaintiff's "voted to deportation parole date from May 6, 2009, to May 6, 2014." Compl. at 7.[7]  A Connecticut Parole Board hearing disposition form indicates that if and when it will grant Plaintiff parole, Plaintiff is to be detained in New York for the New York parole violation.  Id. at 11.  The form also notes that Plaintiff that "have to resolve [his] New York case" before resolving his deportation issues.  Id.

Patrick Lawlor of the N.Y. Parole Division notified Plaintiff on May 7, 2010, that parole warrant number 418035 "was never issued in connection with [Plaintiff's] parole violations."  Pl.'s Supplemental Resp. (Dkt. No. 25) at 9.  This letter also indicated that parole warrant number 219396 "was lodged with an 'out of state agency' on November 12, 1999."  Id.  Plaintiff alleges that Defendant Penalver had filed parole warrant number 418035 maliciously.  Id. at 3-4.

Plaintiff further alleges that Defendant Penalver acted maliciously and in excess of authority by directing the Connecticut Parole Board to disregard the 10/17/06 Letter.  Compl. at 7-8.  Plaintiff argues that Defendant Penalver's actions, including the alleged malicious filing of a "false warrant," violated Plaintiff's rights to Due Process and Equal Protection by depriving him of his "liberty" and preventing his deportation..  Id. at 7-9; Pl.'s Supplemental Resp. at 3-4.

Plaintiff seeks a declaratory judgment stating that he has been discharged from parole by operation of N.Y. Executive Law § 259-j.  Compl. at 9.  He also requests that the Court grant the injunctive relief of removing parole warrant number 418035 because the warrant does not exist and because he did not have a final revocation hearing.  Id. at 8-9.  Finally, Plaintiff seeks compensatory damages for emotional injuries resulting from the false information that Defendant Penalver provided to the Connecticut Parole Board because that information prolonged his

---

[7] The date of this action is unknown.  Plaintiff fails to disclose the date, and the date on the hearing disposition form is illegible.

detention.  Id.

### III. STANDARD OF REVIEW

This Court affords *pro se* litigants special solicitude and is duty-bound to read the Plaintiff's Complaint broadly.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990).  *Pro se* pleadings "must be read liberally and should be interpreted to raise the strongest arguments that they suggest." Graham, 89 F.3d at 79 (quoting Burgos, 14 F.3d at 790); Hemphill v. New York, 380 F.3d 680, 687 (2d Cir. 2004) (stating that "[i]t is well-established that when a plaintiff proceeds *pro se* . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations") (citations and quotations omitted).  As a *pro se* litigant, Plaintiff's Complaint is subject to "less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  Nevertheless, a litigant's "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." Id. (citation omitted).

Federal Rule of Civil Procedure 8(a) requires that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought." FED. R. CIV. P. 8(a)(2)-(3).  In order to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  A party must plead with sufficient factual detail to "'nudge[] [his or her] claims . . . across the line from conceivable to plausible.'" Iqbal, 129 S. Ct. at 1950-51 (quoting

Twombly, 550 U.S. at 570)).  While stating a claim does not require the recitation of detailed factual allegations, it does require facts sufficient to state a claim for relief that is prima facie plausible.  Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555).

The Court must accept the allegations in a well-pleaded complaint as true, Albright v. Oliver, 510 U.S. 266, 268, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994), and draw all inferences in favor of the non-moving party.  Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1973); see also Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 154 (2d Cir. 2006); King v. Am. Airlines, Inc., 284 F.3d 352, 356 (2d Cir. 2002).  A complaint should be dismissed on a Rule 12(b)(6) motion only where the plaintiff has failed to provide some basis for the allegations that support the elements of his or her claim.  See Twombly, 550 U.S. 544.  However, "conclusory allegations are insufficient to withstand a motion to dismiss." Giaccio v. City of New York, No. 04 Civ. 3652, 2005 U.S. Dist. LEXIS 642, 2005 WL 95733, at *5 (S.D.N.Y. Jan. 19, 2005); see also Straker v. Metro. Transit Auth., 333 F. Supp. 2d 91, 102 (E.D.N.Y. 2004).

IV.   **DISCUSSION**

   A.   **Discharge from Life Parole in New York**

Plaintiff seeks a declaratory judgment that he has been discharged from parole by operation of N.Y. Executive Law § 259-j(3-a).[8]  Compl. at 9.  In Heck v. Humphrey, 512 U.S.

---

[8] N.Y. Executive Law § 259-j(3-a) states in pertinent part:

> The division of parole must grant termination of sentence after three years of unrevoked presumptive release or parole to a person serving an indeterminate sentence for a class A felony offense defined in [N.Y. Penal Law art. 220], and must grant termination of sentence after two years of unrevoked presumptive release or parole to a

477, 114 S.Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a § 1983 action seeking money damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction or sentence unless that "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Heck, 512 U.S at 487 (internal citation omitted).  Absent such a showing, an inmate may only seek relief in the federal courts through a petition for habeas corpus.  See Jenkins v. Haubert, 179 F.3d 19, 23 (2d Cir. 1999).  If the § 1983 lawsuit is not explicitly directed at an unlawful conviction or sentence, the plaintiff must establish that his suit does not "necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487.

The Heck bar also "applies to § 1983 damage actions challenging the fact or duration of parole release [because] . . . the plaintiff is in effect attacking his confinement." Hill v. Goord, 63 F. Supp. 2d 254, 261 (E.D.N.Y. 1999) (quoting Friedland v. Fauver, 6 F. Supp. 2d 292, 309 (D.N.J.1998)).  Heck bars an inmate's § 1983 action "no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Accordingly, to the extent that Plaintiff seeks to alter the fact or duration of his custody by removing his life parole in New York, Plaintiff is advised that such relief may only be obtained by way of a habeas corpus petition brought pursuant to 28 U.S.C. § 2254.  See 28 U.S.C. § 2254; Preiser v. Rodriguez, 411 U.S. 475, 490 (1973) ("Congress has determined that

---

person serving an indeterminate sentence for any other felony offense defined in [N.Y. Penal Law arts. 221 or 222].

habeas corpus is the appropriate remedy for state prisoners attacking the validity" of their underlying criminal conviction"); Channer v. Mitchell, 43 F.3d 786, 787 (2d Cir. 1994) ("habeas corpus-not a § 1983 action-provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment"); Washington v. Spears, No. 07 Civ. 7773 (DLC), 2009 U.S. Dist. LEXIS 100482, 2009 WL 3459222, at *3 (S.D.N.Y. Oct. 28, 2009) (Cote, J.) (seeking an early discharge from parole supervision under N.Y. Executive Law § 259-j through a habeas petition).

Accordingly, Plaintiff's claim in this regard is dismissed without prejudice.[9]

### B.     Due Process

Defendants characterize Plaintiff's Due Process allegations as one of seeking parole in New York.  Defs.' Mem. of Law (Dkt. No. 16-1) at 11.  Defendants are correct that New York's statutory scheme does not grant a liberty interest in parole.  See Barna v. Travis, 239 F.3d 169, 171 (2d Cir. N.Y. 2001) (per curiam).  The Court, however, disagrees with Defendants' characterization of the allegations.  Rather, Plaintiff alleges that the "false info" (i.e. parole warrant number 418035) influenced the Connecticut Parole Board's decision to deny him parole in Connecticut.  Compl. at 9.  Plaintiff seeks compensatory damages because the purported false warrant allegedly prolonged his confinement in Connecticut.  Id.

To state a sufficient claim under 42 U.S.C. § 1983 for denial of due process, a plaintiff must allege facts plausibly suggesting that he (1) possessed an actual liberty interest and (2) was deprived of that interest without being afforded sufficient process.  See Tellier v. Fields, 280 F.3d

---

[9] See Amaker v. Weiner, 179 F.3d 48 (2d Cir. 1999) (dismissal under Heck is without prejudice; if plaintiff's conviction or sentence is later declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, the suit may be reinstated).

69, 79-80 (2d Cir. 2000) (citations omitted); Hynes v. Squillace, 143 F.3d 653, 658 (2d Cir. 1998) (citation omitted). The Second Circuit does not recognize a constitutional right for a prisoner or parolee to have incorrect information relied upon in a parole hearing expunged from his record.[10] See LaBounty v. Coombe, No. 99-2318, 2000 U.S. App. LEXIS 4312, at *3, 2000 WL 287726, at *1 (2d Cir. Mar. 16, 2000). Contra Paine v. Baker, 595 F.2d 197 (4th Cir. 1979).

Accordingly, Plaintiff's Due Process claim is dismissed without prejudice.

### C. Equal Protection

The Equal Protection Clause directs state actors to treat similarly situated people alike. See City of Cleburne, Texas v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). To prove a violation of the Equal Protection Clause, a plaintiff must demonstrate that he or she was treated differently than others similarly situated as a result of intentional or purposeful discrimination directed at an identifiable or suspect class. See Giano v. Senkowski, 54 F.3d 1050, 1057 (2d Cir.1995) (citing, inter alia, McCleskey v. Kemp, 481 U.S. 279, 292, 107 S.Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987)). The plaintiff must also show that the disparity in treatment "cannot survive the appropriate level of scrutiny which, in the prison setting, means that he must demonstrate that his treatment was not reasonably related to [any] legitimate penological interests." Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005) (quoting Shaw v. Murphy, 532 U.S. 223, 225, 121 S.Ct. 1475, 149 L. Ed. 2d 420 (2001)) ( internal quotation marks omitted).

---

[10] It should also be noted that parole warrant number 418035, to the extent that it existed, has already been expunged from Plaintiff's record. See Pl.'s Supplemental Resp. at 9 (Patrick Lawlor of the Parole Division "advised [Plaintiff] that a review of both [the] central parole file and the computer records maintained by the [N.Y. Parole] Division reveals that warrant number 418035 was never issued in connection with [Plaintiff's] parole violations").

Plaintiff alleges that Defendant Penalver's actions violated the Equal Protection Clause. Compl. at 5. Plaintiff claims that he was treated differently. Pl.'s Mem. of Law at 14. But he fails to allege that similarly situated individuals received different treatment. See id. Even if this Court were to assume that Plaintiff was treated differently than others similarly situated, Plaintiff has failed to plead factual allegations that he was treated differently because of his membership in a suspect or identifiable class. In fact, Plaintiff admits that he cannot "pin-point whether [Defendants] discriminated against [him] based on race, alienage, national, origin, religion, or gender . . . ." Id. at 14. Plaintiff also argues that the Americans with Disabilities Act prohibits discrimination by state officials against prisoners. Id. at 15. Plaintiff, however, failed to make any allegation of any disability that he may have.

Accordingly, Plaintiff's Equal Protection claim is dismissed without prejudice.

### D.     Negligence

Defendants construe a negligence claim in the Complaint. Defs.' Mem. of Law at 13. While Plaintiff does not appear to allege negligence in the Complaint, Plaintiff's Response argues that "[the] negligence claim derives from Defendant Penalver submitting a false warrant to revoke [Plaintiff's] parole." Pl.'s Resp. at 12. The Response also argues that Defendant Penalver "negligently deprived the Plaintiff the right to appointed counsel for the 12/13/00 Revocation hearing." Id. at 13. For both those reasons, Plaintiff seeks removal of parole warrant number 418035. See Compl. at 8-9; Pl.'s Resp. at 13. Negligence, however, does not rise to the level of a constitutional violation, and is not actionable under § 1983.[11] See Daniels v. Williams,

---

[11] While a prisoner may have a right to appointed counsel at the parole revocation hearing, see Gagnon v. Scarpelli, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973), the December 13, 2000, parole revocation hearing never occurred. Pl.'s Resp. Ex. G. Thus, this

474 U.S. 327, 333, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); see also Davidson v. Cannon, 474 U.S. 344, 347, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986).

Accordingly, Plaintiff's negligence claim is dismissed.

### E. Defendants' Other Arguments for Dismissal

Since the Court finds that Plaintiff has failed to state a claim upon which relief may be granted, the Court will not address Defendants' other arguments for dismissal.

## V. CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED** that this action be dismissed without prejudice for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the plaintiff in accordance with the Local Rules.

Dated:   March 18, 2011
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

claim is not ripe for review. And in any event, parole warrant number 418035 has already been removed from Plaintiff's records. See supra note 10.